UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DeANDRE ROBINSON,<br><br>           Plaintiff,<br><br>KELLI OWENS, et al..<br><br>           Defendants. | No.  2:20-cv-0975 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening.  For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauperis, finds plaintiff has stated a cognizable claim against defendant Owens, and gives plaintiff an opportunity to either amend his complaint or proceed on the cognizable claim in his current complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I. Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II. Analysis**

**A. Allegations of the Complaint**

Plaintiff is currently incarcerated at the California Medical Facility. He complains of conduct that occurred at Mule Creek State Prison ("MCSP") in November 2019. Plaintiff identifies the following defendants: (1) Kelli Owens, Licensed Clinical Social Worker; (2) Dr. J. Ponder, Senior Psychologist Supervisor; (3) Dr. Laura Sullivan, Chief of Mental Health at MCSP; and (4) S. Gates, Chief of the Health Care Appeals Branch.

Plaintiff alleges that on November 19, 2019, he informed an officer that he was having suicidal thoughts. The officer placed plaintiff in handcuffs and secured him in the shower. Thirty minutes later, defendant Owens came in. Plaintiff told her he felt like killing himself. When Owens asked plaintiff if he had a plan to do so, plaintiff said he did not. Owens then told plaintiff she had an appointment with him three days later and they could discuss it then. She told the officer plaintiff was okay to return to his cell and left.

When the officer asked plaintiff if he was okay, plaintiff "shrugged his shoulders." The officer then asked Owens to return to the shower. When she returned, Owens told plaintiff he had

just been on suicide watch, he was not suicidal, and she was not putting him back on suicide watch. Plaintiff stated that he still felt like killing himself. Nonetheless, plaintiff was returned to his cell.

Shortly after he was returned to his cell, plaintiff took a razor and cut veins in both arms. Blood ran under the cell door, which alerted officers. Plaintiff was then taken to see prison medical staff and, after losing consciousness, taken to the hospital. At the hospital, it was determined that he had lost a lot of blood.

Plaintiff filed a prison appeal alleging wrongdoing by defendant Owens and defendant Ponder. Ponder reviewed his appeal at the first level and denied it. Defendant Sullivan reviewed it at the second level and defendant Gates reviewed it at the third level. In addition to reviewing, and denying his appeals, plaintiff contends Sullivan and Gates failed to supervise staff and enforce prison policy regarding placing inmates on suicide watch.

Plaintiff seeks compensatory and punitive damages.

**B. Analysis**

    **1. Legal Standards for Eighth Amendment Medical Claim**

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson, 503 U.S. at 5 (citing Whitley, 475 U.S. at 320). In order to prevail on a claim of cruel and unusual punishment, however, a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

////

If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. See Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

**2. Does Plaintiff State Cognizable Claims?**

Plaintiff has stated a cognizable Eighth Amendment claim against defendant Owens. He states facts showing Owens was aware that plaintiff was having suicidal thoughts and failed to take any action to prevent plaintiff from hurting himself. Plaintiff then had the opportunity to, and did, cut himself, resulting in serious injury.

Plaintiff does not, however, state cognizable claims against the remaining defendants. Plaintiff does not allege any actions by defendant Ponder except that Ponder appears to be Owens' supervisor and Ponder reviewed plaintiff's appeal at the first level of review. Plaintiff alleges defendants Sullivan and Gates generally failed to supervise, failed to enforce policy, and denied plaintiff's appeals.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

6

1  Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the

2  involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of

3  Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Here, plaintiff simply alleges that Ponder, Sullivan,

4  and Gates have supervisory authority, apparently over defendant Owens.  That conclusory

5  statement does not show what each of these defendants did that caused plaintiff harm.

6       To allege a defendant instituted a prison policy that harmed him, plaintiff must:  (1) identify

7  that policy with specificity, (2) show that the defendant was directly responsible for it, (3) show

8  that the defendant knew the policy could cause plaintiff harm, and (4) show how the policy

9  caused him harm.  See Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011).  To allege a

10  defendant failed to train, plaintiff must show:  (1) that the defendant was responsible for that

11  training, (2) just what the defendant did or did not do, (3) that the defendant knew his actions

12  could cause plaintiff harm, and (4) that the actions did cause plaintiff harm.  See Edgerly v. City

13  & Cnty. of S.F., 599 F.3d 946, 962 (9th Cir. 2010) (dismissing supervisory liability claim when

14  no facts "suggest [Sheriff] provided any training to Officers...., or that he was responsible for

15  providing formal training to any officers.").  Plaintiff fails to make any specific allegations

16  regarding prison policy or a failure to train by any defendant.

17       Finally, denying a prisoner's administrative appeal does not generally cause or contribute to

18  the underlying violation.  See George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007); Hernandez v.

19  Cate, 918 F. Supp. 2d 987, 1018 (C.D. Cal. 2013).  The review assessment of a correctional

20  medical official may constitute deliberate indifference only if the official was aware that the

21  underlying challenged medical decision caused plaintiff "further significant injury or the

22  unnecessary and wanton infliction of pain," and the official purposefully failed to pursue an

23  appropriate medical remedy.  Farmer, 511 U.S. at 842; see also Jett, 439 F.3d at 1098 (prison

24  officials, particularly those in administrative positions, may be "liable for deliberate indifference

25  when they knowingly fail to respond to an inmate's requests for help").  Plaintiff does not make

26  that allegation here.  In his appeals, plaintiff was complaining about something that had already

27  occurred.  At the point defendants Ponder, Sullivan, and Gates became involved, there was

28  nothing they could do regarding the medical decision already made by defendant Owens.

Plaintiff fails to state any claims for deliberate indifference against these three defendants based on their review and denial of plaintiff's appeals.

## CONCLUSION

This court finds above that plaintiff has stated a cognizable claim against defendant Owens for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. This court further finds that plaintiff has failed to state claims against the remaining defendants.

Plaintiff has a choice. He may proceed on his Eighth Amendment claim against Owens or he may amend his complaint to attempt to also state claims against the remaining defendants. Plaintiff is warned that in any amended complaint he must include ALL claims he wishes to proceed on in this action.

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff has stated a cognizable Eighth Amendment claim against defendant Owens for deliberate indifference to his serious medical needs.
4. Plaintiff's claims against defendants Ponder, Sullivan, and Gates are dismissed with leave to amend.

5. Plaintiff may choose to proceed on his cognizable claim set out above or he may choose to amend his complaint.

   a. If plaintiff chooses to proceed on his current Eighth Amendment claim against defendant Owens, he shall so notify the court within sixty days. The court will then order service of the complaint on defendant Owens and will recommend dismissal of plaintiff's remaining claims and defendants.

   b. If plaintiff chooses to amend his complaint, within sixty days from the date of service of this order, he may filed an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff's failure to file an amended complaint within the time provided, or otherwise respond to this order, will result in the case proceeding on plaintiff's Eighth Amendment claim against Owens. The court will then recommend dismissal of plaintiff's remaining claims and defendants.

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: May 20, 2020

_[signature]_
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/robi0975.scrn lta or proceed